**In re STEDFAST SALES CORPORATION.**

No. 41982.

District Court, E. D. New York.

May 8, 1942.

On Motion for Reargument May 27, 1942.

Cohen & Wedeen, of New York City (Harold S. Davidoff, of New York City, of counsel), for the trustee.

Sundell & Hartman, of New York City (Irving I. Hartman, of New York City, of counsel), for Bankers Indemnity Ins. Co.

CAMPBELL, District Judge.

This is a motion for an order dismissing the petition of Bankers Indemnity Insurance Company to review the order of Referee Eugene F. O'Connor, dated January 26th, 1942, and for confirmation of that order.

On December 4th, 1941, the above named bankrupt was duly adjudicated a bankrupt in this Court.

Prior to November 5th, 1941, Bankers Indemnity Insurance Company obtained a Judgment in the Municipal Court of the City of New York against the said Stedfast Sales Corp.

Thereafter, an execution was issued on that Judgment, and at a sale held by a City Marshal on November 5th, 1941, the property attempted to be sold was struck down to the highest bidder, the said Bankers Indemnity Insurance Company, for the sum of three hundred dollars.

At the time of the said sale the said Stedfast Sales Corp. was insolvent.

The property, at the time of the sale, was not in possession of the Marshal.

None of the said property of the said Stedfast Sales Corp. was ever delivered to, or in the possession of the Bankers Indemnity Insurance Company, at any time.

Subsequent to said sale, and on or about November 7th, 1941, the said Bankers Indemnity Insurance Company sold to one Max Bolnick the judgment in question, and assigned to him its bid.

No money of the bankrupt, and none of its property, passed to Bankers Indemnity Insurance Company.

██ The sale was void, being made within four months prior to the adjudication of the bankrupt.

No agreement that may have been made by the Trustee with Mr. Bolnick, with reference to the sale by the Trustee in bankruptcy, binds the Bankers Indemnity Insurance Company.

██ The question, as to a return of the money paid by Mr. Bolnick to the Bankers Indemnity Insurance Company is between him and that company, and is no concern of the trustee, or the bankrupt's estate, nor does it bind the estate in bankruptcy. There are no equities in favor of the bankrupt as against the Bankers Indemnity Insurance Company. The sale under the execution has been set aside, and the Bankers Indemnity Insurance Company has not received any property of the bankrupt.

The motion to dismiss the petition of Bankers Indemnity Insurance Company to review the order of the Referee dated January 26th, 1942, is denied.

Those portions of the said order of the Referee, which read as follows:

"Ordered, that this motion be and the same hereby is in all respects granted. * * *."

"Ordered, that * * * the Bankers Indemnity Insurance Co., be, and it hereby is, directed to turn over and deliver to Cohen & Wadeen, as Attorneys for Karol Czalczynski, the Trustee herein, the sum of $300. representing proceeds of sale held under said execution, within five days from the date hereof, * * *" are hereby reviewed, vacated, overruled, reversed and dismissed on the merits.

The remaining portions of said order of the Referee, sought to be reviewed, dated January 26th, 1942, are confirmed.

On Motion for Reargument.

This is a motion, for leave to reargue the motion herein to dismiss the petition of Bankers Indemnity Insurance Company, and to review the order of the Referee dated January 26th, 1942.

On this motion nothing is presented which in any way would change the opinion I found and stated in my opinion on that motion as rendered, on May 8th, 1942.

██ Exhibits 1 and 2 on which the moving party relies, and which he contends were not submitted on behalf of the Trustee through error make no change in the situation whatever, as their contents were known to me, and because, regardless of them, the Bankers Indemnity Insurance Company never had in its possession, any of the property of the bankrupt, which the Marshal attempted to sell.

Further, because the Marshal did not have in his possession, at the time of the sale, the property he attempted to sell.

Motion denied.

I have not signed the proposed order submitted for settlement on the determination of the original motion pending the decision of this motion, and therefore, ask that a new order be noticed for settlement in the form heretofore submitted, and including therein, the denial of this motion.